UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY N. HATTON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:19-cv-01737-SEB-TAB |
| WARDEN, | ) ) ) |
| Respondent. | ) |

**Order Granting Motion to Dismiss Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

Petitioner Timothy N. Hatton was convicted in an Indiana state court of child molesting in 2013. Mr. Hatton now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues that the petition must be denied because it is time-barred. Mr. Hatton has responded and the respondent has replied.[1] The motion is now ripe for review.

For the reasons explained in this Order, the respondent's motion to dismiss the petition for a writ of habeas corpus, dkt. [11], is **granted** and the action is dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue. Mr. Hatton's motion to strike the motion to dismiss, dkt. [21], is **denied**. Mr. Hatton's motion to set hearing, dkt. [14], concerns his desire to present additional evidence on the merits of his claims and is **denied** because the Court is not able to reach the merits of his claims because his petition is untimely.

**I. Background**

On January 17, 2013, Mr. Hatton pleaded guilty to one count of child molesting and was sentenced to an aggregate of 20 years of incarceration with five years suspended to probation.

---

[1] Mr. Hatton responded on June 28, 2019. Dkt. 15. The respondent replied on July 5, 2019, but misidentified his response as a surreply. Dkt. 16. Mr. Hatton surreplied on July 29, 2019, but misidentified his surreply as a response. Dtk. 19.

Dkt. 12-1. He did not appeal. On June 28, 2013, Mr. Hatton filed a motion to modify his sentence which was denied the same day it was filed. He did not timely appeal this judgment, and, when he sought permission to file a belated appeal, his request was denied. Mr. Hatton filed a second motion to modify his sentence on June 5, 2014, which was denied on June 10, 2014. *Id*.

Mr. Hatton then filed a petition for post-conviction relief on December 1, 2014, which was denied on September 7, 2016. Mr. Hatton appealed and the Indiana Court of Appeals reversed, holding that the post-conviction court erred by failing to have a hearing or otherwise receive evidence. Dkt. 12-2. Mr. Hatton's post-conviction petition was reinstated and remained pending until it was again denied on March 15, 2018. Dkt. 12-3. Mr. Hatton appealed, and the Indiana Court of Appeals affirmed the denial of his petition on January 17, 2019. Dkt. 12-4. Mr. Hatton's petition to transfer to the Indiana Supreme Court was denied on April 11, 2019. He did not seek a writ of certiorari in the Supreme Court of the United States. Mr. Hatton signed the instant petition for a writ of habeas corpus seeking federal collateral review of his conviction on April 24, 2019. Dkt. 1.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is

stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

### III. Discussion

Mr. Hatton's conviction and sentence became final on February 19, 2013, when the time to file a notice of appeal expired 30 days after his sentencing. 28 U.S.C. § 2244(d)(1)(A).[2] The one-year period of limitation began running on February 20, 2013. The limitations period continued to run until June 10, 2013, when it was tolled for one day while Mr. Hatton's first motion to modify sentence was pending. At that time, 131 days had elapsed. The limitations period resumed running until it expired on February 17, 2014. The petitioner filed a second motion to modify sentence on June 5, 2014, but his limitations period had already expired. *De Jesus v. Acevedo,* 567 F.3d 941, 943 (7th Cir. 2009) ("[A] state proceeding that does not begin until the federal year has expired is irrelevant [for tolling purposes].").

Although the limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), the time period expired before Mr. Hatton filed his state petition for post-conviction relief on December 1, 2014.

Mr. Hatton signed and mailed his federal habeas petition on April 24, 2019, more than five years after the one-year limitations period had expired. Therefore, his petition is untimely. The following chart illustrates this:

| Limitations Period Begins | February 20, 2013 | 365 days left in limitation period |
| First Motion to Modify Sentence Filed | June 10, 2013 | 255 days left in limitation period |

---

[2] Thirty days after his sentencing was Saturday, February 16, 2013. Monday, February 18, 2013, was a holiday. Therefore, his time to fine a notice of appeal expired on Tuesday, February 19, 2019.

| First Motion to Modify Sentence Denied | June 10, 2013 | 255 days left in limitation period |
| Federal Habeas Petition Due | February 21, 2014 | 0 days left in limitation period |
| State Post-Conviction Filed (statute of limitations expired) | December 1, 2014 | |
| Federal Habeas Petition Mailed | April 24, 2019 | 5 years, 62 days beyond limitation period |

Mr. Hatton asserts in his reply that he is entitled to equitable relief because his attorney failed to file a direct appeal and failed to provide him with a copy of his file. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). These two "elements" are distinct. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Id.* It is the petitioner's "burden to establish both [elements]." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2015).

"Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (citations and quotation marks omitted); *see Socha*, 763 F.3d at 684 ("[T]olling is rare; it is reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.") (citation and quotation marks omitted).

First, the statute of limitations is not tolled while seeking permission to file a belated appeal in state court unless the court accepts the appeal. *See Boutte' v. Superintendent*, 2015 WL 1902232, at *2 (N.D. Ind. Apr. 27, 2015); *cf. Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005). Furthermore, the failure of Mr. Hatton's trial attorney to initiate a direct appeal does not entitle

him to equitable relief. Mr. Hatton could have filed a notice of appeal pro se. He also could have stopped the limitations' clock by filing a petition for post-conviction relief in state court raising a claim of ineffective assistance of counsel. His failure to do so defeats any claim that he diligently pursued his rights.

To the extent Mr. Hatton argues that he is entitled to equitable tolling because his counsel failed to provide him with a copy of his file, he has failed to provide any evidence of his efforts to get his file from counsel during the limitations period, or during any other period. Without such evidence, he cannot establish his diligence. *See Socha*, 763 F.3d at 679.

Mr. Hatton has failed to demonstrate that he is entitled to equitable tolling. He has not shown the existence of circumstances permitting him to overcome the untimeliness of his petition. The respondent's motion to dismiss, dkt. [11], is therefore **granted** and the petition for a writ of habeas corpus is **dismissed with prejudice**. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("[t]he dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice").

Judgment consistent with this Order shall now issue.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a claim is resolved on procedural grounds (such as untimeliness), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the

underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could dispute that Mr. Hatton's claims are time-barred. Therefore, a certificate of appealability is **denied**.

### IV. Conclusion

The respondent's motion to dismiss, dkt. [11], is therefore **granted** and the petition for a writ of habeas corpus is **dismissed with prejudice**. Mr. Hatton's motion to strike the motion to dismiss, dkt. [21], is **denied**. Mr. Hatton's motion to set hearing, dkt. [14], is also **denied**.

**IT IS SO ORDERED.**

Date: 09/30/2019

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TIMOTHY N. HATTON
231193
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov